2097 sbk.avs

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHRYN BLISS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2008 CV 923 |
| ) | |
| HARINAM EXPRESS LLC., and ) | Judge: Dow, Jr. |
| PETER CORBETT, ) | |
| ) | Magistrate Judge: Valdez |
| Defendants. ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AT LAW

### COUNT I

Now comes Defendants, HARINAM EXPRESS LLC and PETER CORBETT, by and through their attorneys, HAYNES, STUDNICKA, KAHAN, O'NEILL & MILLER, LLC, and in *Answer to Plaintiff's First Amended Complaint at Law*, states as follows:

1. That on October 23, 2007, 609 Kirk Rd. was in the City of St. Charles, County of Kane, State of Illinois.

**ANSWER:** Defendant admits the allegations contained in Paragraph 1.

2. That on October 23, 2007, the Plaintiff Kathryn Bliss was lawfully on said premises and was performing her duties as an employee of Pier One Inc.

**ANSWER:** Defendant admits the allegations contained in Paragraph 2.

3. That on October 23, 2007, the Defendant Harinam Express LLC was a trucking company engaged in the transfer and delivery of goods and products.

**ANSWER:** Defendant admits the allegations contained in Paragraph 3.

4. That on October 23, 2007, a truck owned and/or operated by the Defendant Harinam Express LLC and under the control of its duly authorized agent and servant, Peter Corbett, was on the property commonly known as 609 Kirk Rd., St. Charles, Illinois in order to deliver a load of goods and/or products to Pier One Inc.

**ANSWER:** Defendant admits the allegations contained in Paragraph 4.

5. That at all times relevant hereto the Plaintiff Kathryn Bliss was in the process of unloading the truck owned and/or operated by the Defendant Harinam Express LLC on the property commonly known as 609 Kirk Rd., St. Charles, Illinois.

**ANSWER:** Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 5 and, therefore, neither admits nor denies same but demands strict proof thereof.

6. That at all times relevant hereto the Defendant Harinam Express LLC, by and through the actions of its duly authorized agent and servant, Peter Corbett, was under a duty to exercise ordinary care for the safety of others.

**ANSWER:** Defendant admits only to those duties imposed by law, and denies any and all remaining allegations contained in Paragraph 6.

7. That despite said duty of care the Defendant Harinam Express LLC, by and through the actions of its duly authorized agent and servant, Peter Corbett, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

    a) Carelessly and negligently moved its truck without first determining whether it was safe to do so;

    b) Carelessly and negligently moved its truck without first determining whether the unloading process had been completed;

    c) Carelessly and negligently failed to give any warning before moving its truck; and

    d) Was otherwise careless and negligent.

**ANSWER:** Defendant denies each and every allegation contained in Paragraph 7, including paragraphs (a) through (d), inclusive.

8. That as a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions the Plaintiff Kathryn Bliss was caused personal injury, pain and suffering, and disfigurement and has been unable to attend to her ordinary affairs and duties and has lost certain sums of money which she otherwise would have made and acquired and has become liable for certain sums of money for medical and hospital care and attention.

**ANSWER:** Defendant denies the allegations contained in Paragraph 8.

WHEREFORE, Defendant HARINAM EXPRESS LLC, request the Court enter judgment in its favor and against Plaintiff KATHRYN BLISS and for any other additional relief as the Court deems just and proper.

DEFENDANT DEMANDS TRIAL BY JURY.

## COUNT II

Defendant, PETER CORBETT, by and through his attorneys, HAYNES, STUDNICKA, KAHAN, O'NEILL & MILLER, LLC, and in support of his *Answer to Plaintiff's First Amended Complaint at Law*, states as follows:

1-5. Plaintiff adopts and realleges the allegations in paragraphs 1-5 of Count I as and for her allegations in paragraphs 1-5 of Count II as though fully set forth herein.

**ANSWER:** Defendant adopts the answers to the allegations as set forth above in Paragraphs 1 through 5 of Count I, for his answers to Paragraphs 1 through 5 of Count II, as though fully set forth herein.

6. That at all times relevant hereto the Defendant, Peter Corbett, was under a duty to exercise ordinary care for the safety of others.

**ANSWER:** Defendant admits only to those duties imposed by law, and denies any and all allegations contained in Paragraph 6.

7. That despite said duty of care the Defendant Peter Corbett was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

    a) Carelessly and negligently moved its truck without first determining whether it was safe to do so;

    b) Carelessly and negligently moved its truck without first determining whether the unloading process had been completed;

    c) Carelessly and negligently failed to give any warning before moving its truck; and

    d) Was otherwise careless and negligent.

**ANSWER:** Defendant denies each and every allegation contained in Paragraph 7, including paragraphs (a) through (d), inclusive.

8. That as a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions the Plaintiff Kathryn Bliss was caused personal injury, pain and suffering, and disfigurement and has been unable to attend to her ordinary affairs and duties and has lost certain sums of money which she otherwise would have made and acquired and has become liable for certain sums of money for medical and hospital care and attention.

**ANSWER:** Defendant denies the allegations contained in Paragraph 8.

WHEREFORE, Defendant PETER CORBETT, request the Court enter judgment in its favor and against Plaintiff KATHRYN BLISS and for any other additional relief as the Court deems just and proper.

DEFENDANT DEMANDS TRIAL BY JURY.

            Respectfully submitted,

            HAYNES, STUDNICKA, KAHAN, O'NEILL & MILLER, LLC

            /s/ Shimon B. Kahan
            Shimon B. Kahan - ARDC No. 6207172

HAYNES, STUDNICKA, KAHAN, O'NEILL & MILLER, LLC
Attorney for Defendants
200 W. Adams St., Ste. 500
Chicago, IL 60606-5215
Tel: (312) 332-6644
skahan@hskolaw.com

### **VERIFICATION**

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters herein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

/s/ Shimon B. Kahan
Shimon B. Kahan - ARDC No. 6207172
HAYNES, STUDNICKA, KAHAN, O'NEILL & MILLER, LLC
Attorney for Defendants
200 W. Adams St., Ste. 500
Chicago, IL 60606-5215
Tel: (312) 332-6644
skahan@hskolaw.com