IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHRYN BLISS ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2008 CV 923 |
| ) | Judge : Dow, Jr. |
| HARINAM EXPRESS LLC., and ) | Magistrate Judge: Valdez |
| PETER CORBETT ) | |
| Defendants ) | |

INITIAL STATUS REPORT

A. Attorneys of record for each party, including the attorney(s) expected to try the case.

    For the Plaintiff:

    Ralph R. Hruby (Trial Attorney)
    Ralph R. Hruby Ltd.
    4320 Winfield Road #200
    Warrenville Illinois 60555
    630-462-1400

    For the Defendants:

    Alton C. Haynes (Trial Attorney)
    Haynes, Studnicka, Kahan, O'Neill, Miller, LLC
    200 W. Adams St.
    Suite 500
    Chicago, IL 60606
    312-676-7060

    Shimon Ben Kahan (Trial Attorney)
    Haynes, Studnicka, Kahan, O'Neill, Miller, LLC
    200 W. Adams St.
    Suite 500
    Chicago, IL 60606
    312-676-7080

Allison Victoria Smith
Haynes, Studnicka, Kahan, O'Neill, Miller, LLC
200 W. Adams St.
Suite 500
Chicago, IL 60604
312-676-7061

B. Basis for federal jurisdiction.

Diversity.

C. Nature of the claims asserted in the complaint and any counterclaim.

The Plaintiff's complaint seeks monetary damages for personal injury and alleges negligence on the part of the individual Defendant Peter Corbett and alleges liability against Defendant Harinam Express LLC on the basis of Respondeat Superior.
No counterclaim has been filed. However, on April 15, 2008 at 9 AM. Defendants will seek leave to file a counterclaim for contribution against the Plaintiff's employer, Pier 1, alleging that the employer was guilty of negligence in causing the Plaintiff's injury and is therefore liable for contribution.

D. Names of any parties who or which has not been served, and any fact or circumstance related to non-service of process on such party.

All Defendants have been served with process and have appeared by counsel.

E.. Principal legal issues.

Whether interstate truck drivers and their employers owe a duty to use reasonable care for the safety of individuals involved in unloading their vehicles in the ordinary course of business and, if so, the nature and extent of that duty .

Whether the Federal Motor Carrier Safety Act or other federal or state regulations impose a duty upon interstate truck drivers to ensure that individuals engaged in unloading a semi trailer are not in the trailer before moving the vehicle.

What the duties, responsibilities and care owed by the Plaintiff as a forklift operator were.

Whether the actions or inactions of the Plaintiff were the sole proximate cause of her injury.

Whether the Plaintiff was comparatively at fault in contributing to cause her injury.

Whether any state or federal regulations or other authority placed any duties upon the Plaintiff forklift operator and her employer while engaged in unloading semi truck trailers.

    Generally, it can be fairly stated that the respective duties and responsibilities of the Plaintiff, the Defendants, and Plaintiff's employer are contested and will be at issue.

F. Principal factual issues.

    Whether the Defendants were negligent in moving their vehicle while the Plaintiff was in the trailer of that vehicle in order to unload it.

    The amount of the damages resulting from the Plaintiff's injury.

    The degree of disability resulting from the Plaintiff's injury and whether it is permanent.

    The amount of past and future medical expense resulting from the Plaintiff's injury.

    The amount of past and future wage loss resulting from the Plaintiff's injury.

    The Plaintiff's comparative fault.

    Whether Plaintiff's conduct in attempting to enter the trailer when she did, and whether it was appropriate to do so, given her training and the procedures at Pier 1 and any applicable regulations, will be at issue.

G. Whether a jury trial has been demanded by any party.

    The Defendants have demanded a jury trial.

H. Discovery.

    No discovery has been taken to date.
    Rule 26 (a)(1) disclosures will be made by the parties on or before May 1, 2008
    Written discovery requests will be served on or before June 1, 2008
    Parties and fact witnesses will be deposed on or before September 15, 2008.
    Parties will make Rule 26 (a)(2) disclosures on or before November 15, 2008.
    Rule 26 (a)(2) witnesses will be deposed on or before January 15, 2009.

I. Trial.

    It is anticipated that the parties will be ready for trial by May 1, 2009.
    The length of the trial is estimated to be 7 to 10 days

J. Consent to Magistrate Judge.

    The parties do not consent to proceed before a Magistrate Judge at this time.

K. Settlement discussions.

No settlement discussions have been had to date.

L. Settlement Conference.

The parties do not request a settlement conference at this time.  However, upon completion of fact discovery, the parties will advise the court regarding the need for a settlement conference if the parties believe it will be beneficial.  Also, the parties may seek to engage in private non-binding mediation prior to trial

                            Respectfully submitted,

| /s/ Ralph R. Hruby | /s/ Shimon B. Kahan |
|---|---|
| Ralph R. Hruby-ARDC No. 6181975 | Shimon B. Kahan - ARDC No. 6207172 |
| Ralph R. Hruby Ltd. | Haynes Studnicka Kahan O'Neill Miller LLC |
| 4320 Winfield Road | 200 W. Adams St |
| Suite 200 | Suite 500 |
| Warrenville, IL 60555 | Chicago, IL 60606 |
| 630-462-1400 | 312-676-7060 |
| hrubyltd@aol.com | skahan@hskolaw.com |
| Attorney for Plaintiff | Attorney for Defendants |