**U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KATHRYN BLISS,<br>　　Plaintiff, | )<br>)<br>) NO. 2008 CV 923<br>) |
| V.<br>HARINAM EXPRESS, L.L.C. and<br>PETER CORBETT,<br>　　Defendants.<br>--------------------------------------------------------<br>HARINAM EXPRESS, LLC., and<br>PETER CORBETT,<br>　　Counter-Plaintiffs,<br>v.<br>PIER ONE, INC.<br>　　Counter-Defendant. | )<br>) Judge: Dow, Jr.<br>) Magistrate Judge: Valdez<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ANSWER OF COUNTER-DEFENDANT, PIER 1 IMPORTS (U.S.), INC. (incorrectly named as PIER ONE, INC.)TO THE COUNTERCLAIM FOR CONTRIBUTION FILED BY DEFENDANTS/COUNTER-PLAINTIFFS, HARINAM EXPRESS LLC., and PETER CORBETT**

NOW COMES the Counter-Defendant, PIER 1 IMPORTS (U.S.), INC., (incorrectly named as Pier One, Inc.) by and through its attorneys, Hennessy & Roach, P.C. and for its Answer to the Counterclaim for Contribution, states as follows:

### Count I

1.　That the Plaintiff, KATHRYN BLISS, has filed a Complaint at Law against Defendants, HARINAM EXPRESS, LLC and PETER CORBETT, alleging injuries and damages in a forklift accident that took place on or about October 23, 2007. See Plaintiff's Complaint at Law, incorporated herein as though fully set forth.

**ANSWER:** Counter-Defendant, PIER 1 IMPORTS (U.S.), INC. admits the allegation contained in Paragraph 1.

2. The Defendants/Counter-Plaintiffs, HARINAM EXPRESS, LLC, and PETER CORBETT, have filed an Answer to said Complaint at Law, denying all material allegations therein.

**ANSWER:** Counter-Defendant, PIER 1 IMPORTS (U.S.), INC. can neither admit nor deny the allegations contained in Paragraph 2 and demands strict proof thereof.

3. That at said time and place described in Plaintiff's Complaint at Law, the Plaintiff, KATHRYN BLISS alleges she was lawfully on the premises leased, controlled, and/or operated by Counter-Defendant, PIER ONE, INC. and located at 600 Kirk Road, St. Charles, Illinois and was performing her duties as an employee of Counter-Defendant, PIER ONE, INC.

**ANSWER:** Counter-Defendant, PIER 1 IMPORTS (U.S.), INC. admits that they owned the premises located at 609 South Kirk Road, St. Charles, Illinois and that plaintiff was performing her duties as an employee of Pier 1 Imports, (U.S.), Inc.

4. That at said time and place described in Plaintiff's Complaint at Law, the Plaintiff was utilizing a forklift owned by Counter-Defendant, PIER ONE, INC. to unload cargo onto a closed dock from the trailer operated by Defendants/Counter-Plaintiffs, HARINAM EXPRESS, LLC. And PETER CORBETT.

**ANSWER:** Counter-Defendant, PIER 1 IMPORTS (U.S.), INC. admits that Plaintiff was utilizing a forklift owned by Pier 1 to unload cargo from a trailer operated by Harinam Express and Peter Corbett.

5. That at said time and place described in Plaintiff's Complaint, Counter-Defendant, PIER ONE, INC. was under a duty to exercise ordinary care for the safety of its employees and to follow all federal regulations and standards relating to forklift operation.

**ANSWER:** Counter-Defendant, PIER 1 IMPORTS (U.S.), INC. admits all duties imposed by law but denies any violation thereof.

6. That despite said duty of care the Counter-Defendant, PIER ONE, INC. was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

    a. Failed to provided wheel chocks to prevent the Defendants/Counter-Plaintiff's truck from moving while boarded with aforesaid forklift in violation of 29 CFT 1910.178(k)(1);
    b. Failed to provide, adequately maintain, or utilized any positive mechanical means to correct the Defendants/Counter-Plaintiffs truck to the dock/facility;
    c. Failed to properly supervise Plaintiff, KATHRYN BLISS, at said time and place descried in Plaintiff's Complaint.
    d. Failed to properly train Plaintiff, KATHRYN BLISS, in the operation and use of said forklift and safe loading/unloading procedures;
    e. Failed to provide and utilize a safety or warning system; and
    f. Was otherwise negligent and careless.

**ANSWER:** Counter-Defendant, Pier 1 Imports (U.S.), Inc., denies the allegations in Paragraph 6, (a) through (f), inclusive

7. As a proximate result of one or more of the foregoing negligent acts and/or omissions of Counter-Defendant, PIER ONE, INC. Plaintiff, KATHRYN BLISS, alleges that she suffered injuries of personal and pecuniary nature for which she has filed suite against Defendants/Counter-Plaintiffs, HARINAM EXPRESS, LLC and PETER CORBETT.

**ANSWER:** Counter-Defendant, PIER 1 IMPORTS (U.S.), INC. denies the allegations contained in Paragraph 7.

8. In the event that Defendants/Counter-Plaintiffs, HARINAM EXPRESS, LLC and PETER CORBETT, are found liable to the Plaintiff, pursuant to 740 ILCS 100-1 et seq., Defendants/Counter-Plaintiffs, HARINAM EXPRESS, LLC and PETER CORBETT, are entitled to contribution from the Counter-Defendant, PIER ONE, INC. in an amount commensurate with the degree of fault found attributable to the Counter-Defendant, PIER ONE, INC. in causing the accident, damages, injuries and losses claimed by Plaintiff, KATHRYN BLISS.

**ANSWER:** Counter-Defendant, PIER 1 IMPORTS (U.S.), INC. admits the existence of 740 ILCS 100.1 et seq. but denies that it is applicable in this matter.

WHEREFORE, Counter-Defendant, PIER 1 IMPORTS (U.S.), INC. prays that this Court enter judgment in favor of it and against the Defendants/Counter-Plaintiffs for costs of this action and for relief this Court deems just and appropriate.

Respectfully submitted,

HENNESSY & ROACH, P.C.

By:    s/Mark T. McAndrew-6274068
        Mark T. McAndrew,
        Attorney for Counter-Defendant,
        Pier 1 Imports (U.S.), Inc.

HENNESSY & ROACH, P.C.
Attorney for Counter-Defendant
140 S. Dearborn,
7th Floor
Chicago, Illinois 60603
(312)346-5310