2097 sbk.avs

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHRYN BLISS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2008 CV 923 |
| ) | |
| HARINAM EXPRESS LLC., and ) | Judge: Dow, Jr. |
| PETER CORBETT, ) | |
| ) | Magistrate Judge: Valdez |
| Defendants. ) | |
| ) | |
| ) | |
| HARINAM EXPRESS LLC., and ) | |
| PETER CORBETT, ) | |
| ) | |
| Counter-Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| PIER ONE, INC., ) | |
| ) | |
| Counter-Defendant. ) | |

## DEFENDANTS' MEMORANDUM OF LAW REGARDING
## EXPERT WITNESS CHARACTERIZATION

Now come Defendants, HARINAM EXPRESS, LLC and PETER CORBETT, by and through their attorneys, HAYNES, STUDNICKA, KAHAN, O'NEILL & MILLER LLC, and submit the following position paper as to the characterization and disclosure of Plaintiff's treating doctors as expert witnesses under Fed. R. Civ. P. 26(a)(2). Defendants set forth their position as follows:

1. Upon initial status hearing on April 16, 2008, counsel for Defendants HARINAM EXPRESS LLC and PETER CORBETT maintained that treating physicians, if they are to offer opinions based on more than their own personal observations, testing, and examinations, must be designated experts and their trial opinions disclosed pursuant to the terms set forth in Fed. R.

Civ. P. 26(a)(2)(B). The Court ordered that this memorandum and a responsive memorandum be submitted by the parties, respectively. [See Document 18]

    2.    Fed. R. Civ. P. 26(a)(2)(B) reads as follows:

Rule 26: General Provisions Governing Discovery: Duty of Disclosure
(a) required disclosures; methods to discovery additional matter.

...

(2) Disclosure of expert testimony . . .

...

(A) In addition to the disclosures required by Paragraph 1, a party shall disclose to all the parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

(B) Except as otherwise stipulated to or directed by the Court, this disclosure shall, with respect to a witness who has retained or specially employed to provide expert testimony in a case or whose duties as an employee of the party regularly involved giving expert testimony, be accompanied by a written report prepared and signed by a witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness informing the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness including, a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the expert has testified an expert at trial or by deposition within the preceding four years. (C) These disclosures shall be made at the time and sequence directed by the Court. . .

    3.    The Seventh Circuit has been clear that treating physicians must be designated as experts and disclosures of their testimony made as required by Fed. R. Civ. P. 26(a)(2)(B) if they are to provide expert opinion testimony at trial. See *Musser v. Gentiva Health Services*, 356 F.3d 751 at 758 (7th Cir. 2004). This Court has adhered to that view. See *Griffith v. Northeast Illinois Regional Commuter RR Corp.*, 223 F.R.D. 513 at 516 (N.D. 513 at 516) N.D. Ill.2006; *Zarecki v. National RR Passenger Corp.*, 914, F.Supp. 1566, 1573 (N.D. Ill. 1996). A treating doctor, or

any similarly situated witness [such as a paramedic or emergency medical technician], provides expert testimony if the testimony consists of opinions based on "scientific, technical, or otherwise specialized knowledge," even if those opinions were formed during that expert's interaction with the party prior to the litigation. See *Musser* at n. 2, citing *O'Conner v. Commonwealth Edison Co.*, 13 F.3d 1090, 1105 n. 14 (7th Cir. 1994).

4. This Court has held on numerous prior occasions that *when a treating physician testifies beyond the scope of treatment, observation and diagnosis, and includes opinions on causation, prognosis, or the future impact of the injury*, the treating physician must provide a report satisfying any requirements of Rule 26(a)(2)(B)(emphasis added) See *Griffith*, supra, at p. 516. [emphasis added.]

5. This Court in *Griffith* acknowledged that the Seventh Circuit "eliminated any doubt as to whether expert testimony by a treating physician is subject to disclosure pursuant to Rule 26(a)(2)." 233 F.R.D. 513 at 516. Although there are some aspects of expert testimony in the nature of a treating physician's testimony that do not require a report, where a treating physician's testimony goes beyond the scope of treatment, observation and diagnosis, and delves into opinions on causation, prognosis, and future impact of the injury, a line is crosses whereby a report satisfying the requirements of 26(a)(2)(B) is required. See *Sowell v. Burlington n. Santa Fe R. Y. Co.*, 2004 WL 2812090 at 6 (N.D. Ill. Dec. 7, 2004).

6. In this case, any opinions regarding causation, prognosis, and the future impact, of the injury claimed by Plaintiff will form a significant part of KATHRYN BLISS' claim for damages. Therefore, the bases for any such opinions is tied up in the Federal Court's special obligation to active as a "gatekeeper" to screen out purported scientific expert testimony that is

irrelevant and unreliable. See *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589, 113 S. Ct. 2786, 125 L. Ed. 2d. 469 (1993). When a treating physician testifies about his or her observations, diagnosis and treatment, the physician is testifying about what he or she saw and did and why it was done, even though the physician's treatment and his or her testimony regarding that treatment are based on the doctor's specialized knowledge and training.

7.   When a treating physician limits his testimony to his observations, diagnosis, and treatment, there is no need for a Rule 26(a)(2)(B) report. However, in contrast, when a treating physician opines as to causation, prognosis, or future disability, the physician is going beyond what he saw and did and why he did it. He is going beyond is personal involvement and the facts in the case and giving an opinion formed because there is a lawsuit. Often, an opinion relies on information not part of the physician's personal knowledge or professional training. Accordingly, Rule 26(a)(2)(B) disclosures rules apply. 233 F.R.D. 513 at 518.

8.   The distinction is further reinforced by looking to the reasons behind the requirement of an expert's report pursuant to Rule 26(a)(2)(B). The Advisory Committee Notes to the 1993 amendments to Rule 26 [which included the addition of subdivisions (1) through (4)], state that the addition "imposed an additional duty to disclose information regarding expert testimony sufficiently in advance of trial that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." Thus, complete and specific disclosure, of the type dictated by 26(a)(2)(B), is in line with the general purpose of discovery in Federal Courts: the facilitation of the exchange of information to avoid trial by ambush.

WHEREFORE, the Defendants respectfully request that this Court enter an Order deeming any of Plaintiff's treating physicians whose testimony is proffered to provide opinions based on more than their own personal observations, testing, and examinations, be designated experts and their trial opinions disclosed pursuant to the terms set forth in Fed. R. Civ. P. 26(a)(2)(B).

Respectfully submitted,

HAYNES, STUDNICKA, KAHAN, O'NEILL & MILLER, LLC

/s/ Elana K. Seifert
Elana K. Seifert - ARDC No.: 6244819
Haynes, Studnicka, Kahan, O'Neill & Miller, LLC
200 W. Adams St., Ste. 500
Chicago, IL 60606-5215
Tel: (312) 332-6644