IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KATHRYN BLISS | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2008 CV 923 |
| | ) | Judge : Dow, Jr. |
| HARINAM EXPRESS LLC., and | ) | Magistrate Judge: Valdez |
| PETER CORBETT | ) | |
| Defendants | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW REGARDING TREATING PHYSICIAN DISCLOSURE REQUIREMENTS**

Now comes the Plaintiff, Kathryn Bliss, by and through her attorneys Ralph R. Hruby Ltd., and submits the following position paper as to the disclosure requirements of Plaintiff's treating physicians under Fed. R. Civ. P. 26(a)(2). Plaintiff's position is as follows:

1. Fed. R. Civ. P. 26(a)(2)(B) provides , in relevant part:
"Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report – prepared and signed by the witness – *if the witness is one retained or specially employed to provide expert testimony in the case*..." (emphasis added).

2. Plaintiff submits that the clear language of the statute requires a written report from an expert witness only if that witness is "retained or specially employed to provide expert testimony in the case." The question is not whether a treating physician is an expert. The question is whether the witness is retained or specially employed. *Sircher v. City of Chicago* 1999 WL 569568 (N.D.Ill.)   The problem with the Defendant's position and the cases it cites is that this threshold issue is not addressed.

3. The simple fact of the matter is that a treating physician is, by definition, not retained or specially employed to provide expert testimony in a case. A treating physician is a witness in the case because he or she treated the plaintiff. As a practical matter, unlike a specially employed expert, there are no means or methods by which a Plaintiff can compel a treating physician to prepare a report which includes, among other things: a list of all publications authored in the previous 10 years; a list of all other cases in which the witness testified as an expert at trial or by deposition during the previous four years and a statement of the compensation to be paid for the study and testimony in the case .

4. The majority rule appears to be that a treating physician may offer opinion testimony on causation, diagnosis and prognosis without the prerequisite of providing a Rule 26 (a)(2)(B) report. *McCloughan v. The City of Springfield*  208  F.R.D. 236, 242 (C.D. Ill. 2002 ).

5. Simply put, " the fact that a treating doctor proposes to give an opinion regarding the causation and permanency of his patient's injury does not by itself make him a retained expert for purposes of Rule 26 (a)(2). Indeed, it is common for a treating physician to consider his patient's prognosis as well as the cause of the patient's injuries." *Zurba v. United States* 202 F.R.D.590, 592 (N.D.Ill.2001) .

6. A witness whose proposed opinion testimony will come from his knowledge acquired as a treating physician is not someone from whom a Rule 26 (a)(2)(B) formal report is required. *Sircher*, supra.

7 . The Defendant's fear of trial by ambush is unfounded. Plaintiff has already provided the defense with copies of Plaintiff's treating physicians' records. Plaintiff will disclose the treating physicians that will be called at trial as well as their opinions, conclusions and the bases therefore. The Defendant will be free to depose those physicians and conduct whatever cross-examination on the physician's opinions deemed necessary by counsel

8 . It is true that the general purpose of discovery in the federal courts is the facilitation of the exchange of information to avoid trial by ambush. However, it is also true that the discovery and trial process is a search for the truth. Requiring the Plaintiff to provide a detailed report from a physician over whom the plaintiff has no control with the risk of that witness being barred from testifying if he/she refuses to write such a report simply does not further the search for truth nor comport with common sense.

Wherefore, the Plaintiff respectfully requests that this Court to enter an Order that the Plaintiff is not required to obtain and provide defense counsel with Rule 26 (a)(2)(B) reports from treating physicians who will give opinion testimony, including causation, diagnosis and prognosis testimony, at the trial of this cause.

Respectfully submitted,

Ralph R. Hruby Ltd.

/s/ Ralph R. Hruby
Ralph R. Hruby-ARDC No.: 6181975
Ralph R. Hruby Ltd.
4320 Winfield Rd
Suite 200
Warrenville Illinois 60555
(630) 462 1400
